UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES MITCHELL, ) | |
| a/k/a Beyyah Mushadeed, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-CV-9 NCC |
| ) | |
| STEVE LONG, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff James Mitchell's pro se complaint (Doc. No. 1). This case is a successor to *Johnson et al. v. Long et al.,* 1:16-CV-293 SNLJ, a putative class action by five inmates which was severed by order of Judge Stephen N. Limbaugh, Jr. The complaint is defective as to this case, in that it does not appear to have been drafted by Plaintiff or a licensed attorney on his behalf. Additionally, as Plaintiff has filed a motion to proceed *in forma pauperis,* he is required to file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint. *See* 28 U.S.C. §1915(b).

Because Plaintiff is acting pro se, the Court will allow Plaintiff to file an amended complaint on the Court's form. Plaintiff has thirty days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims Plaintiff wishes to bring in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

Additionally, Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so Plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless*

*Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If Plaintiff wishes to sue defendants in their individual capacities, Plaintiff must specifically say so in the amended complaint. If Plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

All of Plaintiff's claims should be clearly set forth in the "Statement of Claim." If Plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 20th day of January, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE